IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 3-10-CV-0522-M |
| | § | NO. 3-07-CR-0119-M |
| WILLIAM MICHAEL RHODES | § | NO. 3-07-CR-0209-M |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant William Michael Rhodes, a federal prisoner, has filed a motion to correct, vacate,

or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion

should be denied.

I.

A federal grand jury in the Northern District of Texas charged defendant with six counts of

bank robbery in violation of 18 U.S.C. § 2113(a). Defendant was also charged in the Western

District of Texas with one count of bank robbery in violation of 18 U.S.C. § 2113(a) & (d). After

the Western District case was transferred to the Northern District, defendant pled guilty to four

counts of bank robbery. Punishment was assessed at 240 months confinement on each count, to be

served concurrently, followed by a three-year term of supervised release. The district court also

imposed a $400.00 mandatory special assessment and ordered defendant to pay $39,230.32 in

restitution. His conviction and sentence were affirmed on direct appeal. *United States v. Rhodes*,

304 Fed.Appx. 328, 2008 WL 5381514 (5th Cir. Dec. 23, 2008). Defendant now seeks post-

conviction relief under 28 U.S.C. § 2255.

II.

In multiple grounds for relief, defendant contends that: (1) the district court improperly

considered his need for mental health counseling and treatment in sentencing him above the

guideline range; and (2) he received ineffective assistance of counsel in connection with his guilty

plea and at sentencing.

A.

The court summarily rejects defendant's claim that the judge improperly sentenced him

outside the guideline range.[1] First, a misapplication of the sentencing guidelines does not fall within

the narrow category of claims subject to review under section 2255. *See United States v. Williamson,*

183 F.3d 458, 462 (5th Cir. 1999). Second, it is clear from the record that the court did not sentence

defendant to 240 months for each count of conviction, which exceeded the high-end of the guidelines

by some 78 months, because he needed mental health counseling and drug treatment. Instead, as the

judge explained at sentencing:

> Under 18 United States Code 3553(a), first the nature and
> circumstances of the offense, I regard these as extremely serious.
> Your history and characteristics are a significant negative in the
> Court's determination of what sentence to impose. It is critical that
> this sentence be serious, because the offenses, and it is necessary to
> promote respect for the law, not only in your case, but generally, and
> to provide just punishment and to deter additional criminal conduct
> and to protect the public from further crimes.

(Sent. Tr. at 35). The judge went on to state that it was appropriate to provide defendant "with the

type of treatment, physical health, mental health, and drug treatment that you need that I wish you

---

[1] The government argues that defendant waived his right to raise this claim as part of his plea agreement. (*See* Gov't Resp. at 4-5). Although defendant entered into a written plea agreement in the case transferred from the Western District of Texas, in which he waived the right to seek post-conviction relief except on the grounds of ineffective assistance of counsel, there was no plea agreement in the case originally brought in the Northern District of Texas. (*See* Rearraign. Tr. at 24).

had had long before." (*Id.* at 35-36). However, that comment was not intended to be a statement of reasons to justify a sentence above the guideline range. Rather, it supported the judge's recommendation to the Bureau of Prisons that defendant be allowed to participate in a residential drug abuse treatment program. (*Id.* at 36). This ground for relief should be overruled.

## B.

Defendant further argues that his attorney made "verbal assurances" regarding the length of his sentence if he pled guilty. A guilty plea is open to attack on the ground that counsel did not provide the defendant with reasonably competent advice. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980) (citing cases). "One of the most important duties of an attorney representing a criminal defendant is advising the defendant about whether he should plead guilty." *United States v. Herrera*, 412 F.3d 577, 580 (5th Cir. 2005), *citing Reed v. United States*, 354 F.2d 227, 229 (5th Cir. 1965). An attorney discharges this duty by informing the defendant of the relevant circumstances and the likely consequences of a plea. *Id.*, *citing Teague v. Scott*, 60 F.3d 1167, 1170 (5th Cir. 1995). Advising a defendant about his potential exposure under the sentencing guidelines is necessarily part of this process. *Id.* However, an erroneous estimate by counsel as to the length of sentence, standing alone, does not vitiate an otherwise voluntary guilty plea. *See Beckham v. Wainwright*, 639 F.2d 262, 265 (5th Cir. 1981). As noted by the Fifth Circuit:

> A guilty plea is not rendered involuntary by the defendant's mere subjective understanding that he would receive a lesser sentence. In other words, if the defendant's expectation of a lesser sentence did not result from a promise or guarantee by the court, the prosecutor or defense counsel, the guilty plea stands.

> Likewise, a guilty plea is not rendered involuntary because the defendant's misunderstanding was based on defense counsel's inaccurate *prediction* that a lesser sentence would be imposed.

*Daniel v. Cockrell*, 283 F.3d 697, 703 (5th Cir.) (internal citations omitted) (emphasis in original),

*cert. denied*, 123 S.Ct. 286 (2002), *abrog. on other grounds, Glover v. United States*, 531 U.S. 198,

203, 121 S.Ct. 696, 700, 148 L.Ed.2d 604 (2001). Only an actual promise by counsel that a lesser

sentence will be imposed, as opposed to an erroneous prediction of leniency, renders a guilty plea

involuntary. *See, e.g. Harmason v. Smith*, 888 F.2d 1527, 1532 (5th Cir. 1989); *United States v.*

*Stumpf*, 827 F.2d 1027, 1030 (5th Cir. 1987).

In his motion, defendant alleges that counsel said "he would try to get [the] court to reduce

[his] sentence to 120 months but that [the] court would probably sentence in mid-guideline range

and would never exceed guidelines." (*See* Def. Br. at 7). Even if such a statement was made by

defense counsel, it did not rise to the level of an actual *promise*. Instead, counsel merely *predicted*

that the judge would sentence defendant in the mid-guideline range, but would not exceed the

guidelines. Moreover, the court admonished defendant as to the statutory maximum punishment and

the effect of the sentencing guidelines before accepting his guilty plea. Defendant was told that the

maximum punishment upon conviction was 20 years confinement for each count, which may be

imposed consecutively. (*See* Rearraign. Tr. at 27-28). The judge also informed defendant that the

sentencing guidelines are only advisory and that the court may depart from the guidelines under some

circumstances. (*Id.* at 20). Defendant indicated that he understood his sentence exposure. (*Id.* at

21, 28). Perhaps most importantly, defendant told the judge that no one had forced him to plead

guilty or made any promises to induce his plea. (*Id.* at 24-25). In light of this sworn testimony,

defendant cannot show that his guilty plea was the result of assurances by defense counsel regarding

the length of his sentence. *See, e.g. Bernard v. United States*, No. 3-08-CV-1352-G, 2008 WL

5329315 at *4 (N.D. Tex. Dec. 19, 2008), *COA denied*, No. 09-10168 (5th Cir. Jan. 11, 2010) (erroneous prediction by counsel that defendant would likely receive 27-46 months in prison, instead of 97 months, did not render guilty plea involuntary); *United States v. Casey*, No. 3-04-CV-2347-D, 2007 WL 2706269 at *4-5 (N.D. Tex. Sept. 17, 2007) (failure of defense counsel to investigate criminal history before estimating range of punishment under the sentencing guidelines did not render guilty plea involuntary where court properly admonished defendant under Rule 11 before accepting the plea).

## C.

In three grounds for relief, defendant criticizes his attorney for: (1) not requesting a mental examination prior to sentencing; (2) failing to file a motion for downward departure; and (3) not challenging two prior convictions used to enhance his sentence.

The court was well-aware of defendant's history of mental illness and substance abuse. According to the PSI, which was considered by the judge prior to sentencing, defendant suffers from chronic depression and a borderline personality disorder, attempted suicide on two occasions, and has an extensive history of substance abuse consisting of marijuana, cocaine, crack cocaine, and methamphetamine. (*See* PSI at 26-28, ¶¶ 137-142). Defendant admitted that he was under the influence of drugs at the time he committed the instant offenses. (*Id.* at 28, ¶ 143). At the sentencing hearing, defense counsel questioned defendant about his mental health and medication history, and asked the court to impose a lenient sentence due to a "fairly serious mental health condition for which he never received treatment[.]" (*See* Sent. Tr. at 17-19, 25). The court recognized that defendant's criminal conduct was "associated with drug use [ ] and mental health issues[.]" (*Id.* at 31-32). Defendant does not identify any additional information or evidence that

-5-

would have been provided by a mental health expert. Without such evidence, defendant cannot

prove that his attorney was ineffective for failing to request a mental examination.

Contrary to defendant's argument, counsel did ask for a downward departure based on his

history of mental health problems and substance abuse. In arguing for a sentence at the low-end of

the guideline range, counsel stated:

> So I think the guideline range of 130 to 162, a sentence at the lower
> end, *or even below on departure grounds*, because I do think because
> of his mental history, his borderline personality disorder, and I realize
> that he's in [criminal history] category 6, but if you look at the offense
> behavior, it's going primarily -- in many instances going to a relative's
> house to get drug money.
>
> As he described in his letter to you, there is an element of family
> intervention to try to get him help for his drug problem. I think that's
> what is primarily driving this behavior, and if he can get beyond that,
> I think he can come out at the other end of this sentence with a good
> chance of not appearing before any other court.

(*Id.* at 26) (emphasis added). In any event, defendant has not shown that the court would have

granted a formal motion for downward departure had such a motion been filed. *See, e.g. United*

*States v. Odiodio*, No. 3-03-CV-0896-D, 2005 WL 2990906 at *32 (N.D. Tex. Nov. 7, 2005)

(counsel not ineffective for failing to file a motion for downward departure absent evidence that such

a motion would have been granted); *United States v. Foote*, No. 3-99-CV-0838-R, 2001 WL 671465

at *3 (N.D. Tex. Jun. 12, 2001), *COA denied*, No. 01-10839 (5th Cir. Nov. 16, 2001) (same).

Nor was counsel ineffective for failing to challenge two prior state burglary convictions.

Although defendant believes that these convictions were used to enhance his sentence, the record

shows that the convictions were considered only to arrive at a criminal history score. (*See* PSI at 17-

18, ¶¶ 101-102). Moreover, any attempt by defense counsel to collaterally attack the sufficiency of

-6-

the evidence giving rise to the convictions would have been futile. *See Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997), *cert. denied*, 119 S.Ct. 418 (1998) (failure to assert meritless objection cannot be grounds for a finding of ineffective assistance of counsel).

## D.

Finally, defendant alleges that counsel was ineffective for failing to file a motion to suppress his confession and a motion to discover certain audio and video tapes. A voluntary guilty plea waives all non-jurisdictional defects in a criminal proceeding. *See Tollett v. Henderson*, 411 U.S. 258, 265, 93 S.Ct. 1602, 1607, 36 L.Ed.2d 235 (1973). This includes instances of ineffective assistance of counsel that do not implicate the validity of the plea itself. *See United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir.), *cert. denied*, 121 S.Ct. 282 (2000). Defendant has not shown how counsel's failure to file a motion to suppress or a motion for discovery implicates the validity of his guilty plea. Consequently, these claims are waived.

## RECOMMENDATION

Defendant's motion to correct, vacate, or set aside sentence should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing

the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the

district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*,

79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:   August 19, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE